USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/23/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERMIR BERISHA AND ARLIND LLC,

                         Plaintiffs,

-against-

COTERIE INSURANCE AGENCY, LLC,
and      SPINNAKER      INSURANCE
COMPANY,

                         Defendants.

24 CV 8605 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiffs Ermir Berisha ("Berisha") and Arlind LLC ("Arlind"), (collectively, "Plaintiffs")

commenced this action against Defendant Coterie Insurance Agency, LLC ("Coterie"), asserting

claims arising from Defendant's alleged failure to provide insurance coverage following a fire that

interrupted Plaintiffs' business operations. (ECF No. 1.) Plaintiffs thereafter filed a First Amended

Complaint ("FAC"), asserting claims for breach of contract and wrongful denial of insurance

coverage against Coterie and Spinnaker Insurance Company ("Spinnaker") (collectively,

"Defendants"). (ECF No. 11.)

Defendants Coterie and Spinnaker now move to dismiss the FAC pursuant to Federal Rule

of Civil Procedure 12(b)(6). (ECF No. 35 & 41.) For the reasons set forth below, the motions are

GRANTED in part and DENIED in part.

## BACKGROUND

### A.  FACTUAL BACKGROUND

The following facts are drawn from the FAC and are accepted as true for purposes of

resolving the present motions.

1

Plaintiff Arlind LLC is a New York limited liability company that operated a pizzeria business at 2419 NY-82 in Lagrangeville, New York (the "Premises"). Plaintiff Ermir Berisha is the sole member and owner of Arlind LLC. (FAC ¶ 1.) Defendant Coterie Insurance Agency, LLC ("Coterie") and Defendant Spinnaker Insurance Company ("Spinnaker") are entities involved in the issuance and administration of the insurance policy at issue. (*Id*. ¶¶ 2–3.)

At all relevant times, Plaintiffs were insured under commercial Policy No. CSB-00099077-00 (the "Policy"), issued by Defendants in New York. (FAC ¶ 4.) The Policy includes coverage for loss of business income and additional benefits provided under a Business Owners Personal Property Platinum Enhancement Endorsement (the "Endorsement"). (*Id*.) The Endorsement provides coverage for extended business income for a period of twelve consecutive months following the suspension of business operations, as well as an additional $50,000 in compensation for interruption of utility services. (*Id.* ¶ 5.) The Policy also provides coverage for damage to the Premises of up to $300,000. (*Id.* ¶ 6.)

In September 2023, a fire occurred at the building where Plaintiffs operated their business, resulting in a cessation of operations at the Premises for more than twelve months. (FAC ¶ 7.) Following the fire, Coterie paid $75,000, which purportedly covered Plaintiffs' business income losses for September through November 2023. (*Id.* ¶ 7.) No additional payments were made beyond that three-month period. (*Id.*) During the claims process, Defendants did not disclaim responsibility and, through their conduct, represented that Coterie was responsible for providing coverage. (*Id.* ¶ 8.) Specifically, they determined that the "period of restoration" was limited to three months and asserted that, because Plaintiffs did not own the building, they were not responsible for the time required to repair it or for Plaintiffs' inability to reopen. (*Id.* ¶¶ 9–10.)

Defendants declined to provide additional coverage despite the extent of the damage and the time required to restore operations. (*Id.* ¶¶ 12–15.) Plaintiffs' counsel requested documentation and an explanation supporting Defendants' determination that the restoration period was limited to three months, but Defendants did not respond. (*Id.* ¶¶ 20–21.) As a result of Defendants' alleged conduct, Plaintiffs claim they suffered significant financial losses, including lost business income, damages to the Premises, and losses resulting from the interruption of utility services. (*Id.* ¶¶ 16–18.) Plaintiffs now assert claims against Coterie and Spinnaker for breach of contract and wrongful denial of insurance coverage in bad faith. (FAC ¶¶ 12–22.)

**PROCEDURAL HISTORY**

Plaintiffs initiated this action on November 13, 2024, against Defendant Coterie Insurance Agency, LLC ("Coterie"). (ECF No. 1.) On December 27, 2024, Plaintiffs filed a FAC, asserting claims for breach of contract and wrongful denial of insurance coverage against Coterie and adding Spinnaker Insurance Company as a defendant. (ECF No. 11.)

On April 15, 2025, Coterie moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) and filed a memorandum of law in support. (Coterie Mot. & Mem., ECF Nos. 35 & 36.) Plaintiffs filed an opposition, and Coterie subsequently filed its reply. (Pltfs. Coterie Opp., ECF No. 39; Coterie Reply, ECF No. 40.) On May 30, 2025, Spinnaker separately moved to dismiss the FAC pursuant to Rule 12(b)(6) and filed a memorandum of law in support. (Spinnaker Mot. & Mem., ECF Nos. 41 & 43.) Plaintiffs thereafter filed an opposition, and Spinnaker filed its reply. (Pltfs.' Spinnaker Opp., ECF No. 45; Spinnaker Reply, ECF No. 46.)

**LEGAL STANDARD**

**A.  Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow [] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Defendants move pursuant to Rule 12(b)(6) to dismiss the FAC in its entirety. The FAC asserts two claims: breach of contract and wrongful denial of insurance coverage and bad faith. (FAC ¶¶ 12–22.) The Court addresses each claim in turn.

4

### A. Coterie Insurance Agency

The claims against Coterie are dismissed because Coterie was neither a party to the insurance contract nor did it assume contractual liability.

Under New York law, an agent acting for a disclosed principal generally is not liable for breach of the principal's contract absent "clear and explicit evidence" that the agent intended to assume such liability. *Savoy Record Co. v. Cardinal Export Corp.*, 15 N.Y.2d 1, 4 (1964) (holding that agent for disclosed principal is not personally bound absent explicit assumption of liability); *see also Victory State Bank v. EMBA Hylan, LLC*, 169 A.D.3d 963, 965 (2d Dep't 2019) ("One cannot be held liable under a contract to which he or she is not a party."). New York courts dismiss breach of contract claims against insurance brokers, agents, and administrators where the policy identifies another entity as the insurer. *See Jin Chai-Chen v. Metro. Life Ins. Co.*, 190 A.D.3d 635, 636 (1st Dep't 2021) (affirming dismissal because insurance broker "was not a party" to the policy and therefore could not be liable for breach); *Victory State Bank,* 169 A.D.3d at 965; *354 Chauncey Realty, LLC v. Brownstone Agency, Inc.*, 213 A.D.3d 544, 544 (1st Dep't 2023).

Plaintiffs nevertheless allege that Coterie communicated with them during the claims process and paid $75,000 for three months of business income losses following the September 2023 fire. (FAC ¶¶ 4–10.) They contend that this conduct shows Coterie functioned as the insurer and should be treated as such. (*See* Pltfs. Coterie Opp. at 3–5.) However, that argument fails as a matter of law. The Policy forecloses Plaintiffs' theory, and an administrator's participation in claim handling, without more, does not transform it into the insurer or a contracting party. *See Curanovic v. N.Y. Cent. Mut. Fire Ins. Co.*, 307 A.D.2d 435, 438 (3d Dep't 2003) (insurance agents generally are not liable for anything more than obtaining requested coverage); *Murphy v. Kuhn*, 90 N.Y.2d 266, 270 (1997) (same). Plaintiffs therefore cannot plead around the Policy's plain terms by

alleging that Coterie "never disclaimed" liability or acted as a "de facto insurer." (FAC ¶ 8); *see Iqbal*, 556 U.S. at 678 (threadbare and conclusory allegations do not suffice); *Twombly*, 550 U.S. at 555 (factual allegations must raise a right to relief above the speculative level).

Because the Policy conclusively establishes that Coterie is not a party to the insurance contract and Plaintiffs cannot plausibly allege otherwise, amendment would be futile. Accordingly, the claims against Coterie are dismissed with prejudice.

### B.  Ermir Berisha's Standing

Plaintiff Ermir Berisha lacks standing because he is not a party to the insurance policy at issue. Under New York law, "[o]nly the policy owner has standing to sue based on an insurance policy." *Pike v. New York Life Ins. Co*., 72 A.D.3d 1043, 1049 (2010); *see e.g. Berardino v. Ochlan,* 2 A.D.3d 556, 770 N.Y.S.2d 75. "A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that clearly evidence an intent to permit enforcement by the third party in question." *Broadwall Mgmt. Corp. v. Affiliated FM Ins. Co.,* No. 21 CIV. 10247 (PAE), 2022 WL 3030315, at *5 (S.D.N.Y. Aug. 1, 2022) (quoting *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009).

The Policy's declarations page identifies Arlind LLC as the sole Named Insured, leaves the "Second Named Insured" field blank, and lists Berisha only as a "Contact Name." (*See* Policy at 5, ECF No. 30-3.) The contractual rights created by the Policy therefore run exclusively to Arlind LLC, and any claim arising from an alleged failure to pay policy proceeds belongs to the LLC. *See Pike*, 72 A.D.3d at 1049. Plaintiffs identify no provision of the Policy suggesting that Berisha was intended to have independent enforcement rights. Thus, Berisha lacks standing to assert claims under the Policy in his individual capacity.

Plaintiffs counter that Berisha has standing because he is the sole member and owner of Arlind LLC and therefore is "directly and specifically affected by the resolution of the issues raised in this action." (Pltfs. Spinnaker Opp. at 2.) In support, Plaintiffs cite *Piller v. Princeton Realty Assoc. LLC*, 173 A.D.3d 1298 (3d Dep't 2019), and appear to invoke it to suggest standing in an individual capacity. (*Id.*) That reliance is misplaced. *Piller* addressed standing in a *quiet title* action involving property interests and recognized that a plaintiff could proceed both individually and derivatively in that context. *Piller,* 173 A.D.3d at 1301-1302. It does not alter the settled rule that contractual rights under an insurance policy belong to the named insured, nor does it permit an LLC member to enforce such rights individually absent contractual privity or a clear third-party beneficiary provision. *See Pike*, 72 A.D.3d at 1049.

Under New York law, a member of an LLC has no individual cause of action for injuries to the company and may pursue such claims, if at all, only derivatively on the LLC's behalf. *See Wen v. New York City Reg'l Ctr., LLC*, 695 F. Supp. 3d 517, 544 (S.D.N.Y. 2023) (quoting *Abrams v. Donati*, 66 N.Y.2d 951 (1985)); *Tzolis v. Wolff*, 10 N.Y.3d 100 (2008). This principle applies with equal force in the insurance context, where the right to enforce a policy belongs to the named insured, not its individual members. *See Pike*, 72 A.D.3d at 1049.  Here, Plaintiffs do not allege that Berisha brings this action derivatively, nor do they allege that he is a party to the Policy or an intended third-party beneficiary. Accordingly, Berisha lacks standing to assert these claims in his individual capacity, and his claims are therefore dismissed without prejudice.

The Court addresses the remaining claims only as to Arlind LLC ("Plaintiff").

## C.  Count I: Breach of Contract

Plaintiff's breach of contract claim against Spinnaker survives. Under New York law, a plaintiff asserting breach of contract must allege "1) the existence of an enforceable contract, (2)

the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach." *Nassau Operating Co., LLC v. DeSimone*, 206 A.D.3d 920, 926 (2022). "To plead these elements, 'a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue.' " *Piuggi v. Good for You Prods. LLC*, 739 F.Supp.3d 143, 167 (S.D.N.Y. 2024) (citing *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 189 (S.D.N.Y. 2011)). At the pleading stage, the Court accepts the FAC's factual allegations as true and draws reasonable inferences in the plaintiff's favor. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

The FAC plausibly alleges each element of a breach of contract claim. First, the existence of a valid contract is adequately alleged: Arlind LLC was insured under Policy No. CSB-00099077-00. (FAC ¶ 4.) Second, Plaintiff sufficiently pleads performance by paying premiums and otherwise complying with the Policy's conditions, as evidenced by Defendants' partial payment of $75,000 for business income losses. (*Id*. ¶ 7); *see also R.H. Damon & Co., Inc. v. Softkey Software Prods.,* Inc., 811 F. Supp. 986, 991 (S.D.N.Y.1993) (determining that a breach of contract claim "must contain some allegation that plaintiffs actually performed their obligations under the contract."). Third, Plaintiff plausibly alleges breach by asserting that Defendant Spinnaker improperly limited coverage to a three-month "period of restoration" and refused to provide additional amounts due under the Policy, including continued business income coverage. (FAC. ¶¶ 9–11, 12–15.) These amounts include the "Extended Business Income Additional Coverage" of up to twelve consecutive months provided by the Endorsement, which Plaintiff alleges was triggered by the prolonged suspension of operations following the fire. (*Id*. ¶ 5.)

Plaintiff also sufficiently pleads damages in the form of unpaid business income losses resulting from the prolonged cessation of operations following the September 2023 fire. (FAC ¶¶

4, 7, 22.) Under New York law, lost profits may be recoverable where they were within the parties' contemplation and capable of proof with reasonable certainty. *Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 403 (1993). At the pleading stage, however, a plaintiff need only allege facts from which damages may reasonably be inferred. *Fed. Hous. Fin. Agency for Fed. Home Loan Mortg. Corp. v. Morgan Stanley ABS Cap. I Inc.*, 59 Misc. 3d 754, 784 (N.Y. Sup. Ct. 2018). Plaintiff's allegations of a prolonged shutdown and limited coverage are sufficient to support a reasonable inference of such losses, and any dispute as to their scope raises issues of proof not appropriately resolved on a motion to dismiss. *See id.*

Notably, Spinnaker does not move to dismiss the breach of contract claim as asserted by Arlind. (*See generally* Spinnaker Mot.) Rather, its motion is limited to challenging Berisha's standing and the viability of Plaintiffs' bad faith claim. (*Id.; see generally* Spinnaker Mem. & Reply.) The Court further finds that the FAC plausibly alleges all four elements of a breach of contract claim, and because Spinnaker does not challenge its sufficiency as to Arlind, there is no basis for dismissal at this stage; accordingly, Arlind's breach of contract claim survives.

### D.  Count II: Wrongful Denial and Bad Faith

Count II for wrongful denial and bad faith is dismissed as duplicative. "As in all contracts, implicit in contracts of insurance is a covenant of good faith and fair dealing, such that 'a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims' " *Bi–Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 194 (2008) (quoting *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 318 (1995)). However, New York law is equally clear that such claims cannot proceed independently where they merely restate a breach of contract theory. "[T]here is no separate tort for bad faith refusal to comply with an insurance contract" *Multani v. Castlepoint Ins. Co.,* 221 A.D.3d 722, 725 (2023); *see also*

*Brown v. Erie Ins. Co.*, 207 A.D.3d 1144, 1146 (2022) (bad faith claim duplicative of breach of contract); *Koffler v. Cincinnati Ins. Co.*, 239 A.D.3d 840, 842 (2025) (same). Accordingly, "[w]hen a plaintiff claims a breach of the implied covenant of good faith and fair dealing based on the same facts as a breach of contract claim, the claim for the breach of the implied covenant must be dismissed as duplicative of the breach of contract claim." *Hadami, S.A. v. Xerox Corp.,* 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017); *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 87 A.D.3d 287, 297 (1st Dep't 2011); *see also J. Kokolakis Contracting Corp. v. Evolution Piping Corp.,* 46 Misc. 3d 544, 547–48, 998 (N.Y. Sup. 2014).

Plaintiff attempts to avoid dismissal by characterizing Defendant's conduct as "bad faith claims handling" and relying on *Bi-Economy* and *Books for Less*. (Pltfs. Spinnaker Opp. at 2–4.) This argument overreads those cases. While *Books for Less* permitted an implied covenant claim to proceed, it did so based on allegations of misconduct independent of a mere coverage dispute— namely, that the insurer rescinded the policy despite prior knowledge of the risk and denied coverage "without proper cause." *Books for Less, LLC v. Arm-Capacity of N.Y., LLC*, 2013 N.Y. Misc. LEXIS 6624, at *4–5 (Sup. Ct., N.Y. County 2013). Likewise, *Bi-Economy* recognized that consequential damages may be available for breach of the implied covenant, but did not create a separate tort cause of action for bad faith claims handling. *See Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 193–196 (2008).

Here, Plaintiff alleges no conduct distinct from the denial of coverage itself. Plaintiff alleges only that Defendant limited coverage, failed to pay additional business income, and did not provide supporting documentation. (*See generally* Pltfs. Opp. at 2–4.) Absent allegations of independent wrongdoing, the purported bad faith claim is duplicative of the breach of contract

claim and must be dismissed. *See Multani v. Castlepoint Ins. Co.*, 221 A.D.3d at 725; *Hadami*, 272 F. Supp. 3d at 598; *J. Kokolakis*, 46 Misc. 3d at 547–48.

Nor does Plaintiff seek distinct damages. Under both causes of action, Plaintiff seeks recovery of the same policy benefits, including up to twelve months of business income, additional coverage for utility interruptions, and compensation for property damage to the Premises. (FAC ¶¶ 16–22.) This relief is similar to that sought under the breach of contract claim and therefore cannot sustain a separate claim for bad faith. *See Refreshment Mgmt. Servs., Corp. v. Complete Off. Supply Warehouse Corp.*, 89 A.D.3d 913, 915 (2011).

In short, Plaintiff's "bad faith" theory is coextensive with its contract claim and rises or falls on whether Defendant breached the Policy. That is precisely the type of duplicative pleading New York law prohibits. *See Multani*, 221 A.D.3d at 725. Accordingly, because the implied covenant claim rests on the same facts, seeks the same relief, and alleges no independent duty, Count II is dismissed with prejudice as duplicative of the breach of contract claim.

### E.  Attorney's Fees

Plaintiff's request for attorneys' fees is denied. Plaintiff seeks such fees only in connection with its wrongful denial and bad faith claim, which the Court has dismissed. (FAC ¶ 22.) Accordingly, its request for attorneys' fees fails on that basis alone.

In any event, Plaintiff has not identified any independent basis for recovering attorneys' fees. Under New York law, such fees are considered "incidents of litigation" and are recoverable only where authorized by contract, statute, or court rule, none of which is alleged here. *See Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (1989). Although Arlind requests attorneys' fees in the prayer for relief, it does not plead a standalone claim or identify any contractual or statutory entitlement, which is insufficient as a matter of law. *Id.*

11

Nor does the narrow exception recognized in insurance disputes apply. Under New York law, an insured may recover attorneys' fees only where it has been cast in a defensive posture by the insurer's legal action and prevails in establishing coverage. *See Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979) (permitting recovery only where insured is forced to defend against insurer's action to avoid coverage). That exception does not apply where, as here, Plaintiff commenced this action to enforce the Policy. Accordingly, Plaintiff's request for attorneys' fees is denied.

### F. Leave to Amend

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citations omitted). When exercising this discretion, courts consider many factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility. *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, leave to amend is denied as to claims dismissed with prejudice, including the claims against Coterie and Count II, which is duplicative as a matter of law. However, because Berisha's claims are dismissed for lack of standing, and it is conceivable that that deficiency could be cured by repleading, the Court grants leave to amend solely as to those claims. Given the early stage of this litigation, permitting such limited amendment would not unduly prejudice Defendants.

**CONCLUSION**

For the foregoing reasons, Defendants Coterie Insurance Agency, LLC and Spinnaker Insurance Company's motions to dismiss are GRANTED IN PART and DENIED IN PART.

The motions are GRANTED as to all claims against Coterie Insurance Agency, LLC, which are DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully directed to terminate Defendant Coterie Insurance Agency, LLC from this action. The motions are further GRANTED as to all claims asserted by Plaintiff Ermir Berisha, which are DISMISSED WITHOUT PREJUDICE for lack of standing. The motions are also GRANTED as to Count II (wrongful denial and bad faith), which is DISMISSED WITH PREJUDICE as duplicative. Count I (breach of contract) may proceed against Defendant Spinnaker Insurance Company. Plaintiff's request for attorneys' fees is DENIED.

Plaintiff Berisha is granted leave to file a Second Amended Complaint ("SAC"), solely for the purpose of repleading his dismissed claims if he can cure the standing deficiencies identified above, on or before April 10, 2026. If no SAC is filed by that date, Berisha's dismissed claims will be deemed dismissed with prejudice. If Plaintiff timely files a SAC, Defendant Spinnaker shall answer or otherwise respond within twenty-one (21) days of the filing. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 35 and 41.

SO ORDERED:

Dated: March 23, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

13